UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL O. WILLIAMS,<br><br>                           Plaintiff,<br><br>-against-<br><br>LGS SKY CHEFS; ROBERT HALF,<br><br>                          Defendants. | 24-CV-2628 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Michael O. Williams, who is proceeding *pro se*, brings this action against a temporary employment agency and an employer. By order dated April 10, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Using the Court's general complaint form, Plaintiff alleges the following facts. Robert Half, a temporary employment agency, assigned Plaintiff to work at LGS Sky Chefs ("LGS"), where he was subjected to discrimination and retaliation based on his nationality, which he does not identify:[1] a "lady . . . called Dorothy came in and said I am not getting a full-time job because I am not Jamaican, the guy sitting beside me Rowan is Jamaican"; Rowan "threatened me, saying that I know where you go out; we had previously had a conversation about a bar called SOB's which would be great to watch the soccer world cup"; Dorothy said, "Hi everyone .

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

. . . then . . . pointed at me and said minus 1."[2] (ECF 1 at 5.) Plaintiff reported these incidents, but management concluded that "the conversation never happened about the job, they then said she admitted to the second conversation, but that [Dorothy] wasn't referring to me." (*Id.*)

Plaintiff further claims:

> My last week's paycheck for Friday is being withheld because I was sent home by my supervisor Hal Sabatu because there was no internet at their site on Friday so they couldn't power up their systems. I told my supervisor Hal Sabatu, that I would like to stay and get my hours, he mentioned that I could leave and he would do what he is obligated to do. To my surprise, he didn't approve my time, stating I did not work, without giving a reason.

(*Id.*) Plaintiff further claims that Sabatu

> demanded that I must go on Lunch break multiple times even when I was not hungry, forcing me to eat the food made at LGS. I reported this to the staffing agency RH and Shane my contact at Robert Half (RH), tried to lie to me that it was mandatory, until he pulled up New York State law and sent in an email. We both had to explain this to Hal Sabatu.

According to Plaintiff, his

> contract with RH and LGS is a full time 40 hour work week, except holidays, or I Don't show up/leave early or out of absence pay. After multiple discussions with RH, they gave me 4 hours as show up pay, now I am still missing my remaining 4 hours for pay.

(*Id.*) Plaintiff asserts that he was fired from LGS "without any reason"; that Robert Half has not sent him "any new positions . . . [for] over a year now"; and that he was "[p]aid less than [his] peers for the same work. (*Id.* at 6.)

Plaintiff also recounts the following experiences that he had with other employers for whom he worked through Robert Half: (1) at "BNY Mellin," Plaintiff "had an issue with the trainer mentioning that my background was noisy, and I sounded like I was in a farm. My trainer

---

[2] According to Plaintiff's resume, which is attached to the complaint, he worked at LGS from November 2022 through January 2023. (*Id.* at 14.)

3

was a [C]aribbean who was working remotely in a farm, after I reported the issue I was let go a week later"; (2) at Newmark Knight Frank, "I was let go from the assignment after a few months stating that the assignment period was over"; and (3) at "Congregation Rudolph Shallom," "they stated they wanted an office manager not an account but I was never offered [an] office manager position and I did an interview for an accounting position. Also said that they didn't like the fact that I showed up to work at 10am, not 9am, RH had told me to show up at 10am. RH told them this but I was still let go." (*Id.* at 6.)

Plaintiff seeks money damages. (*Id.* ¶ IV.)

## DISCUSSION

**A.    Nationality discrimination**

Plaintiff does not allege facts suggesting that he was subjected to adverse employment actions that "give rise to a plausible inference of discrimination" or retaliation in violation of Title VII. *Buon v. Spindler*, 65 F.4th 64, 83 (2d Cir. 2023) (citation and quotation marks omitted). Title VII prohibits an employer from discriminating against an individual because of his race, color, religion, sex or national origin.[3] 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v.*

---

[3] Title VII only provides for the liability of an employer and other covered entities, such as an employment agency, labor organization, or joint labor-management committee. *See* 42 U.S.C. § 2000e–2. The only proper defendant for an action under Title VII is a plaintiff's employer or other entities covered by the statute. *See Chibuzor v. Corwin*, No. 20-CV-9643, 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020); *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016). Under the "'joint employer doctrine,' an employee may assert Title VII liability against a 'constructive employer' − an entity that shares in controlling the terms and conditions of a plaintiff's employment." *Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022) (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). The doctrine generally applies "where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006). At this time, the Court does not address whether Plaintiff's employment as a temporary employee implicates the "joint employer doctrine."

*Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Protected characteristics include an individual's race, color, religion, sex, national origin, disability, or age. Mistreatment at work that occurs for a reason *other than* an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). A plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*

Plaintiff does not allege sufficient facts to suggest that Defendants discriminated or retaliated against him based on his nationality. Plaintiff, who does not identify his nationality, recounts interactions he had with LGS employees who were apparently of different nationalities from his, but those facts do not suggest that LGS subjected him to an adverse employment action because of his nationality. Plaintiff's other allegations – that his LGS supervisor sent him home early because there was no internet service, and "forced" Plaintiff to take lunch breaks – do not suggest discriminatory conduct.

There are also insufficient facts in the complaint showing that Robert Half, a temporary agency, discriminated or retaliated against him based on his nationality. Plaintiff recounts events

that occurred on other job sites that Robert Half sent him to, but the facts he asserts – for example, that a trainer at one site told Plaintiff that he "sounded like he was in a farm," that Plaintiff was "let go" from another job because "the assignment period was over," and that he was not hired for an accounting position after he was given the wrong start time –do not show that he suffered an adverse employment action, *because* of his protected characteristic.

Insofar as Plaintiff alleges that Robert Half paid him less than his peers for identical work, Plaintiff provides no facts to support that conclusory allegation. *See Twombly*, 550 U.S. at 555 (holding that the Court does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.") The Court grants Plaintiff leave to file an amended complaint, should he wish to do so, in support of his claims that Defendants discriminated against him based on his nationality.

**B.    State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because Plaintiff has an opportunity to replead his claims in an amended complaint, the Court will decide at a later stage whether to exercise supplemental jurisdiction of any state law claims Plaintiff may seek to assert. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.' " (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid employment discrimination claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## LITIGATION HISTORY

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Plaintiff has filed other *pro se* cases in this and other federal courts, including employment discrimination complaints. *See Williams v. UPS*, No. 24-CV-4626 (D.N.J. July 28, 2024) (dismissing employment discrimination complaint under a stipulated settlement); *Williams v. Settle Living*, No. 24-CV-4210 (E.D.N.Y. June 25, 2024) (dismissing complaint alleging discrimination based on race and income with leave to replead for failure to state a claim and failure to comply with Rule 8); *Williams v. IRS Exam Dep't*, No. 24-CV-2786 (E.D.N.Y. filed Mar. 28, 2024) (pending); *Williams v. Amazon*, No. 24-CV-2733 (E.D.N.Y. filed Apr. 11, 2024) (pending complaint alleging employment discrimination based on race, color, and sex); *Williams v. Settle Homes*, ECF 1:24-CV-2402 (LTS), 6 (S.D.N.Y. May 28, 2024) (dismissing complaint asserting Fair Housing Act claim for failure to state a claim).

In light of this litigation history, Plaintiff should be aware of the pleading standard in a discrimination action. *See Sledge*, 564 F.3d at 109-10.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2628 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[4]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 4, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[4] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
          ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
          ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
          ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*                                1

I.  **Parties in this complaint:**

A.  List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name  _____
                 Street Address  _____
                 County, City  _____
                 State & Zip Code  _____
                 Telephone Number  _____

B.  List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant        Name  _____
                 Street Address  _____
                 County, City  _____
                 State & Zip Code  _____
                 Telephone Number  _____

C.  The address at which I sought employment or was employed by the defendant(s) is:

                 Employer  _____
                 Street Address  _____
                 County, City  _____
                 State & Zip Code  _____
                 Telephone Number  _____

II.  **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

    _____     Failure to hire me.

    _____     Termination of my employment.

    _____     Failure to promote me.

    _____     Failure to accommodate my disability.

    _____     Unequal terms and conditions of my employment.

    _____     Retaliation.

*Rev. 07/2007*                                     2

_____        Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B. It is my best recollection that the alleged discriminatory acts occurred on: _____.
<i>Date(s)</i>

C. I believe that defendant(s) *(check one)*:

_____        is still committing these acts against me.

_____        is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐    race    _____        ☐    color    _____

☐    gender/sex    _____        ☐    religion_____

☐    national origin    _____

☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

**III. Exhaustion of Federal Administrative Remedies**:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date).*

B. The Equal Employment Opportunity Commission *(check one)*:

  _____  has not issued a Notice of Right to Sue letter.

  _____  issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

  *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C. Only litigants alleging age discrimination must answer this Question.

  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

  _____  60 days or more have elapsed.

  _____  less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____
_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_\_.

        Signature of Plaintiff _____

        Address      _____

                 _____

                 _____

                 _____

        Telephone Number _____

        Fax Number *(if you have one)* _____