UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL O. WILLIAMS,

                    Plaintiff,

          -against-

LGS SKY CHEFS; ROBERT HALF,

                    Defendants.

24-CV-2628 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint

alleging that Defendants violated his rights. By order dated October 4, 2024, the Court directed

Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an

amended complaint on December 23, 2024, and the Court has reviewed it. The action is

dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

Using the court's general complaint form, Plaintiff's original complaint named as

Defendants LGS Sky Chefs ("LGS") and Robert Half ("RH"). That pleading sets forth the

following facts regarding events allegedly occurring from November 2022 through January

2023. (ECF 1 at 14.) RH, a temporary employment agency, assigned Plaintiff to work at LGS.

Plaintiff claimed that he was subjected to discrimination and retaliation based on his nationality,

which he did not identify.[1] At LGS, a "lady . . . called Dorothy" told Plaintiff that he was not

getting a full-time job because he was "not . . . Jamaican," and a Jamaican named Rowan

threatened Plaintiff. (*Id.* ¶ III.) In addition, Plaintiff's hours were cut because "there was no

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless otherwise indicated.

internet at their site," and he was "forc[ed]" to take lunch breaks and "eat the food made" at LGS

"multiple times even when [he] was not hungry. (*Id.*) Plaintiff reported these matters to

management at LGS and RH, but no action was taken. According to Plaintiff, he was fired from

LGS "without any reason"; RH did not offer him other work for "over a year now"; and he was

"[p]aid less than [his] peers for the same work. (*Id.* at 6.) Plaintiff recounted similar experiences

that he had working for other employers through RH. (*Id.* ¶ IV.)

In the October 4, 2024 order, the Court construed the complaint as asserting a claim of

nationality discrimination under Title VII of the Civil Rights Act of 1964, and instructed Plaintiff

that at the pleading stage in an employment discrimination action, he was required to "plausibly

allege" that (1) his employer took adverse employment action against him; and (2) his race,

color, religion, sex, or national origin was a motivating factor in the employment decision"; and

further instructed Plaintiff that he could meet these requirements "by alleging facts that directly

show discrimination or facts that indirectly show discrimination by giving rise to a plausible

inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d

Cir. 2015). In short, the Court directed Plaintiff to provide facts giving rise to an inference that

Defendants discriminated or retaliated against him based on his nationality. (ECF 6.)

Using the Court's amended complaint form for employment discrimination claims,

Plaintiff identifies his race and color as "black" and his nationality as "American," but the only

allegation Plaintiff makes in the amended complaint is that he was "retaliated against for high

performance, complaints made discriminated against based on my national origin, American."

(ECF 7 ¶ II.) Attached to the amended complaint is a notice of right to sue from the Equal

Employment Opportunity Commission that is dated December 16, 2024. (*Id.* at 5-8.)

The amended complaint is dismissed for the same reasons set forth in the October 4, 2024. Plaintiff does not provide facts that plausibly suggest that Defendants discriminated or retaliated against him based on his national origin or for any other discriminatory or retaliatory reason.

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because there is no indication that the defects in Plaintiff's amended complaint can be cured with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    January 13, 2025
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge